### HUTCHINSON *v.* EVERETT and others.[1]

#### EVERETT and others *v.* HUTCHINSON. (Cross-Bill.)

(*Circuit Court, N. D. Illinois.* November 30, 1885.)

1. PATENTS FOR INVENTIONS—ABANDONED EXPERIMENTS.
    Where one made, in 1874, a device which was claimed to embody an invention patented to another in 1879, which earlier device never went into practical use, *held,* that the 1874 device was an abandoned experiment, and was not sufficient to defeat the patent.
2. SAME—FAILURE TO ASSERT TITLE TO INVENTION.
    It is hardly conceivable that one who was in fact the prior inventor of a device, on seeing it in use, and knowing that another claimed to be the inventor, would have uttered no protest, and laid no claim to the invention.
3. SAME—FAILURE TO APPLY FOR A PATENT.
    A. claimed to have invented a device in 1874. B. obtained a patent for the device in 1879. Subsequently A. applied for a patent for an improvement on the device patented to B. *Held,* that the inference was that, if A. had been in fact the inventor of the device patented to B., he would have shown and claimed it in his application, instead of applying for a patent on what was, at most, only an improvement on such device.

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

**4. SAME—PUBLIC USE.**

The fact that a person, claiming to have invented a device in 1874 or 1875, knew that another had put it into public use in 1878, is sufficient to defeat his claims to take out a patent in 1883, even if he had been the inventor.

**5. SAME—CONFLICTING PATENTS.**

Patent No. 289,928, issued December 11, 1883, to Amos F. Parkhurst, assignor to Edward H. Everett, for a bottle stopper, canceled, because it interferes with patent No. 213,992, issued April 8, 1879, reissued June 17, 1879, as reissue No. 3,755, to Charles G. Hutchinson, for an improvement in bottle stoppers.

In Equity.

*West & Bond,* for complainants in original bill.

*Stem & Peck* and *J. P. Altgeld,* for defendants.

BLODGETT, J.    The complainant in this case charges that he is the owner of patent No. 213,992, dated April 8, 1879, which was reissued June 17, 1879, as reissue No. 3,755, for an "improvement in bottle stoppers," and files this bill as the owner of this reissued patent, under the provisions of section 4918 of the Revised Statutes, to obtain the cancellation of patent No. 289,928, issued December 11, 1883, to Amos F. Parkhurst, assignor to Edward H. Everett, for a "bottle stopper," on the ground that the Parkhurst patent interferes with the patent owned by complainant; and the defendant Everett has filed a cross-bill charging that Parkhurst was the first inventor of the device covered by complainant's patent, and that the Hutchinson patent interferes with the patent issued to Everett, as assignee of Parkhurst, and praying that the Hutchinson patent be canceled.

There is no dispute as to the point that the two patents in question cover the same device by substantially the same claims, and no question is raised by the original or cross bill as to the title of either party to their respective patents.    The only contention in case is, who was the inventor of the device which it is conceded is covered by the two patents?    The device in question is that of an internal stopper suspended in the neck of the bottle, and arranged to be drawn upward for the purpose of closing, and to be pushed downward when it is desired to open the bottle; such stopper being provided with an elastic wire stem projecting upward from the top of the stopper, rigidly attached thereto, and so bent and arranged as to form a spring which shall press laterally against the interior sides of the bottle neck, so as to hold the stopper suspended in the neck, either when the bottled is closed or open; this bent spring forming a bail or loop, with which a hook or other device may be made to engage, for the purpose of drawing the stopper to its seat when it is desired to close the bottle, or pushing it down to open the bottle; this spring bail or loop being practically a handle to the stopper plug which, by means of the spring pressing against the inner sides of the bottle neck, holds the stopper suspended in the neck, preventing it from falling down into the bottom of the bottle, or falling out through the neck, and serves as a handle with which to manipulate the stopper for the purpose of closing or opening the bottle.    Both patents show the same

form of stopper and spring handle or stem, operating in the same way, for the same purpose.

The proof shows that Hutchinson first constructed his stopper, after substantially the form shown in his patent, in the month of September, 1878, and put it into use in the bottling works carried on in this city by the firm of W. H. Hutchinson's Sons; that he made a large number of these stoppers during the fall and winter of 1878, sold some, and put the rest in use in the Hutchinson's Sons works; that he applied for his patent in October, 1878, and the original patent was issued April 8, 1879, and that from early in October, 1878, the Hutchinson stopper was in extensive public use, not only in the Hutchinson works, but in other bottling establishments in Chicago, for nearly five years before the Parkhurst patent was applied for. It is claimed, on the part of defendants, that Parkhurst made his invention as early as 1874, and that by reason of his poverty he did not apply for his patent until August, 1883.

A careful study and analysis of the testimony satisfies me that the stopper made by Parkhurst in 1874 or 1875, and which he showed to the witnesses Joseph and Henry Shure and to Richard Otten, was what is called the "double figure eight stopper," known in the proofs as "Ex. Parkhurst No. 1." Parkhurst was at this time a manufacturer, in a small way, of neck wires for external bottle stoppers, at Algonquin, a village on Fox river, in this state, 10 or 12 miles above Elgin, and showed this "double figure 8 stopper" to the Shures, who were engaged in the bottling business in Elgin, and asked them to try them, and they did try them to the extent of putting from one to six into bottles, but did not adopt or keep them in use or approve of them, or consider them practical. This I conclude from the proof is all that Parkhurst did towards accomplishing this invention before the fall of 1878, and I think the chief question is, does this "double figure eight stopper" show the same invention as that covered by these two patents?

The patents both show a stopper made of two metal disks, with a rubber disk between them, having a wire stem extending upward from the center of the metal disks, bent to a shape similar to that of a figure 8; while this "double figure 8 stopper" shows two stems projecting upward from the outer periphery of the metal part of the stopper, each bent to a shape approximating to a figure 8. That a stopper with springs like this would be held suspended in the neck of the bottle in substantially the same manner as the one made after the drawings of the patent is probably true; but it is obvious that it would not be as readily manipulated as the one with a single stem or spring, because there are two loops, instead of one, and neither of them is over the center of the plug, so that when the force was applied, by a hook or otherwise, to draw the stopper to its place, and close the bottle, it will draw sideways, instead of from the center of the stopper. Again, it would obviously be much more expensive to

make such a stopper, and when the increased expense and the difficulty of manipulating are both considered, it may be doubtful if it could be called a complete operative device for the purpose intended.

It is urged that with this "double figure 8 stopper" produced, there was no invention in removing one stem, and in placing the remaining one in the middle on the plug; but the answer to that seems to me to be found in the fact that no one adopted it as Parkhurst had produced it, and Parkhurst himself did not get any one to put into use, and did not modify it into a U-shaped or "single figure 8" stopper until after he had seen Hutchinson's stopper in the fall of 1878. I conclude, therefore, that what Parkhurst did in 1874 and 1875 must be treated as an abandoned experiment, and not therefore an anticipation of the operative and practical device produced in September, 1878, by Hutchinson. The proof is very clear that Parkhurst was shown the Hutchinson stopper in the fall of 1878, about the time that Hutchinson applied for his patent, and made no claim to have invented it; and I think the fair conclusion from the proof is that Parkhurst stopped his experiments with the production of the "double figure 8 stopper," and did nothing further towards perfecting it until after he had seen Hutchinson's stopper. He did not produce a completed invention acceptable and operative in 1874 or 1875. If he had done so, what he did then might be deemed an abandoned invention, which, by such abandonment, became public property, instead of an abandoned experiment.

The proof shows that Parkhurst, in the forepart of October, 1878, saw the Hutchinson stopper, and was asked if he could not make a machine to manufacture it, and answered that he thought he could do so. He was familiar with the bottling business, and often in Chicago, and his business was mostly, if not wholly, with men engaged in the bottling trade. He knew that Hutchinson claimed to be the inventor of the device covered by the Hutchinson patent. It is hardly conceivable that he would have uttered no protest, and laid no claim to the device, if he, Parkhurst, had in fact invented the same thing three or four years before. There is no proof that his poverty was so extreme as to make it impossible for him to have obtained a patent, or at least applied for one. Inventors, as a rule, are egotistic, and, if too poor to obtain a patent rarely stand by and see another appropriate what they have invented, without a protest. Parkhurst's acquaintance was with Hutchinson's competitors in business, and it is hardly supposable that, if he had known himself to be the inventor of this device, he would not have made it known to some of these competitors, who would gladly have aided him with moneyed assistance. Parkhurst also testified that during 1877, and the early part of 1878, he showed his completed "figure 8 stopper" to several of the Hutchinson competitors in the city of Chicago, but they all testify that he did not make any such exhibit to

them, and that they never saw such a stopper as is covered by the Hutchinson patent until it was produced by Hutchinson.

It also appears that in the spring of 1879, or perhaps earlier, Mr. Mettee, of Chicago, became acquainted with Parkhurst, and agreed to aid him in obtaining patents for his inventions, and in May, 1879, application was made for a patent bottle stopper operating on the same principle as that of Hutchinson's, except that the stem or handle was hinged to the stopper so as to make a free joint at the point where the stem was attached to the stopper, instead of the rigid attachment shown by Hutchinson. The inference I draw from this is that if Parkhurst had in fact been the first inventor of the Hutchinson device, he would then have shown and claimed it, instead of applying for what at most was only an improvement on Hutchinson's device.

Parkhurst's memory as to dates and the sequence of events is so defective that the defendant's counsel admitted on the argument that he was a wholly unreliable witness as to dates, except when corroborated, and all the corroborative testimony which I think worthy of belief goes solely to the time when the "double figure 8 stopper" was produced, as I do not consider the testimony of the witness Failing sufficiently reliable to be accepted as proof of the fact that Parkhurst made a U stopper like defendants' Exhibit No. 3, or that this witness made this Exhibit No. 3 as early as 1877, when he was a boy about 16 years old. On the contrary, if the testimony of this witness, to the effect that Parkhurst made stoppers, for experiment, like defendants' Exhibit No. 3, in 1877, is true, it could hardly be possible that Parkhurst would not have asserted his right to the invention in 1878, when he knew that Hutchinson was claiming the invention, and had applied for a patent. It is much more probable, I think, that this witness is mistaken by a year, and that, if he made the defendants' Exhibit No. 3, he made it in the fall of 1878, when it is admitted Parkhurst did make a few stoppers in that form after he had seen Hutchinson's "single figure 8 stoppers."

My own conclusion from the proof is that after Parkhurst had made his "double figure 8 stopper," in 1874 or 1875, he did nothing more until he saw Hutchinson's stopper in the fall of 1878, and then he made a U stopper; but, finding that Hutchinson had described the U shape as one modification or form of his patent, he did nothing further in the matter until Everett opened negotiations with him for the purchase of his pretended invention.

I have already said that I am satisfied from the proof that Parkhurst knew of the public use of the stopper described in his patent from early in the fall of 1878, and this public use, with Parkhurst's knowledge, must defeat his claims to take out a patent in 1883, even if he had been the inventor of this device; and leaves only open the question whether anything which Parkhurst did before September, 1878, should defeat Hutchinson's patent, and upon this point I

am clear that Parkhurst did not do enough to amount to a complete invention. He took some steps in that direction, but did not go far enough to forestall or defeat Hutchinson. I therefore find that the patent of defendant interferes with complainant's patent, and that the complainant is entitled to a decree canceling defendants' patent, and that the cross-bill of defendants should be dismissed for want of equity.